# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DIRECTV, INC.,** | * |
| | * |
| v. | * |
| | *   **Civil Action No.: AW 03-1631** |
| **MARK LANKESTER, et al.**, | * |
| | * |

## MEMORANDUM OPINION

Presently pending are Plaintiff DIRECTV's Motions to Enforce Settlement. These motions require the Court to examine whether the discussions between counsel and the exchange of e-mails and letters regarding payment and proposed releases and indemnity agreements created an enforceable agreement. No hearings are requested, and none are deemed necessary. For the reasons set forth below, DIRECTV's motions to enforce the settlement agreements will be denied.

### I.   Background.

DIRECTV filed a complaint alleging that Defendants purchased one or more pirate-access devices to intercept and decrypt DIRECTV's protected satellite communications without authorization or payment, in violation of 47 U.S.C. § 605 and 18 U.S.C. § 2511. Defendants were served and filed Answers through counsel. Settlement negotiations then ensued between Defendants' counsel, Mr. Burman Berger,[1] and DIRECTV.

Because no written settlement agreements were executed, DIRECTV relies on correspondence, particularly e-mails, to prove the existence of settlement agreements. DIRECTV contends that negotiations regarding both the amount of the settlements and the text

---

[1] Mr. Berger represented all of the Defendants named in these Motions and previously negotiated settlements with DIRECTV for a number of other Defendants in other such proceedings. *See* Plaintiff's Motion to Enforce Settlement ("Pl.'s Mot."). However, on November 1, 2005, the Court ordered his withdrawal due to the loss of his licence to practice law. (Dkt. No. 1020).

of the release and indemnity agreements were completed, and that DIRECTV then ceased its trial preparation and informed the Court that the matters were resolved and would be dismissed. As it has been unable to obtain executed versions of the agreements from Defendants, DIRECTV asks this Court to enforce the settlements. Defendants did not respond to DIRECTV's motions.

## II.   Legal Standard for the Enforcement of Settlement Agreements.

District courts possess the inherent authority to enforce settlement agreements and to enter judgments based on such agreements. *Wood v. Virginia Hauling Co.*, 528 F.2d 423, 425 (4th Cir. 1975); *see also Hensley v. Alcon Laboratories, Inc.*, 277 F.3d 535, 540 (4th Cir. 2002) (noting that binding settlement agreements are an important aspect of the judicial process, providing an orderly and peaceful resolution of controversies). The party who seeks enforcement of a settlement bears the burden of showing that a binding agreement to resolve all the disputed issues in the underlying litigation was reached. When, as here, a party relies on communications between counsel and there has been no judicial supervision of the settlement process, the existence of a final agreement must be proven by clear and convincing evidence that the parties entered into a settlement agreement resolving all issues. *Anschutz v. Radiology Associates of Mansfield, Inc.*, 827 F. Supp. 1338, 1343 (N.D. Ohio 1993) (stating that although settlements "are of vital importance to the expedient and just administration of justice" where an alleged settlement has been reached outside of judicial supervision, "judicial resources should not be devoted to determining whether a contract of settlement has been achieved by applying the preponderance of the evidence standard"); *see also Quijano v. Eagle Maintenance Servs., Inc.*, 952 F. Supp. 1, 3 (D.D.C. 1997) (the party moving for enforcement of a settlement agreement bears the burden of showing, by clear and convincing evidence, that the parties formed a binding agreement to resolve all the disputed issues in the underlying litigation)

(citation omitted); *Nutrivida, Inc. v. Inmuno Vital, Inc.*, 1997 WL 1106569, at *3 (S.D. Fla. Feb 28, 1997) (finding that Nutrivida had not proven by convincing evidence that there was a meeting of the minds as to a settlement agreement (citing *Rondolino v. Northwestern Mut. Life Ins. Co.*, 827 F. Supp. 729, 730 (M.D. Fla. 1993))). Thus, in order to prevail, DIRECTV must prove the existence of settlement agreements by clear and convincing evidence.

### III.  Discussion.

DIRECTV fails to show that Mr. Berger had authority to bind Defendants to final settlement agreements. Rather, DIRECTV summarily concludes that "as [Defendants'] agent, he was authorized to agree to a settlement." This is not the law.

The retention of an attorney by a client confers upon the attorney implied authority to conduct litigation and negotiate its resolution. *Auvil v. Grafton Homes, Inc.*, 92 F.3d 226, 230 (4th Cir. 1996). But the "[s]ubstantive decisions of whether to bring suit, to dismiss suit, or to settle are not by implication ones that the attorney is authorized to make." *Id.*, *quoting Schafer v. Barrier Island Station, Inc.*, 946 F.2d 1075, 1079 (4th Cir. 1991); *see also Wood*, 528 F.2d at 425 (no agreement without express authority). An attorney cannot bind his client to a settlement agreement unless he has the client's express authority to do so. *Wood*, 528 F.2d at 425.

The law of Maryland and Virginia is similar.[2]  *See Posko v. Climatic Control Corp.*, 84 A.2d 906, 909 (Md. 1951) (attorney has no implied authority to compromise his client's claim); *Accrocco v. Splawn*, 287 A.2d 275, 279 (Md. 1972) (same); *Singer Sewing Machine Co. v. Ferrell*, 132 S.E. 312, 314 (Va. 1926) (an attorney at law, merely by virtue of his employment, has no authority to comprise and settle a client's claim without express authority); *Snyder-*

---

[2] DIRECTV contends that most of its motions are governed by Virginia law, but agrees that the result is the same under Virginia or Maryland law.

*Falkinham v. Stockburger*, 457 S.E.2d 36, 39 (Va. 1995) (same).  Thus, "an attorney has authority to bind his client by his actions relating to the conduct of litigation," but this authority does not extend to agreeing to a binding settlement.  *Kinkaid v. Cessna*, 430 A.2d 88, 90 (Md. Ct. Spec. App. 1981); *Snyder-Falkinham*, 457 S.E.2d at 39.  Counsel must have express authority to settle his clients' claims.  *Accrocco*, 287 A.2d at 279.  The party seeking to enforce a settlement order must prove: (1) that the other party's counsel acted with the authority of his client; and (2) that such authority expressly extended to the settlement of the claim.  *Kinkaid*, 430 A.2d at 91 (applying agency principles in stating that parties who did not present evidence as to the authority of opposing counsel to settle lawsuit did not sustain burden of proof for required express authority).

      The only evidence regarding Mr. Berger's authority is that in one instance, Mr. Berger states that he has spoken with his client, *see* Pl.'s Mot. (Dkt. 750), and in several others, he states that the client "will settle" or that Mr. Berger "has authority to . . . ."  These statements by Mr. Berger do not establish that his clients gave him authority to bind them to final agreements.  *See Auvil*, 92 F.3d at 230.  Rather, an express manifestation by Defendants was necessary to establish that they had given Mr. Berger final settlement authority.  DIRECTV cites no action by any Defendant, and thus no basis upon which to conclude, that Defendants had authorized Mr. Berger to bind them.  RESTATEMENT (SECOND), *supra*, § 7-8; *see also Integrated Consulting Services, Inc. v. LDDS Communications, Inc*., 176 F.3d 475, 1999 WL 218740, at *5 (4th Cir.1996) (table decision) ("From the well-established tenet that an agent cannot create his own authority to represent a principal, it follows that an agent's statements that he has such authority cannot, without more, entitle a third party to rely on his agency." (quotation omitted)).

Agency principles recognize an agent's authority to bind a client based on the doctrine of apparent authority. *See* RESTATEMENT (SECOND) of AGENCY § 8, 285 (1957). The Restatement (Second) of Agency defines apparent authority as "the power to affect the legal relations of another person by transactions with third persons, professedly as an agent for the other, arising from and in accordance with the other's manifestations to such third persons." *Id.*; *see also Auvil*, 92 F.3d at 230 ("An agent's authority must be conferred by some manifestation by the principal that the agent is authorized to act on the principal's behalf."). Unlike actual authority, apparent authority does not depend upon any manifestation from the principal to the agent, but rather from the principal to the third party. RESTATEMENT (SECOND), *supra*, § 27, cmt. a. "The action or manifestation of authority giving rise to the reliance must be that of the principal, and the reliance by the third person on the action or manifestation of authority must be *reasonable*." *Miller v. Mueller*, 343 A.2d 922, 926 (Md. Ct. Spec. App. 1975) (emphasis added). The third party's perception may be based upon "written or spoken words or any other conduct of the principal which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on [her] behalf by the person purporting to act for [her]." RESTATEMENT (SECOND), *supra*, § 27. No conduct by any Defendant is even alleged here.

In sum, DIRECTV has failed to carry its burden of showing that Mr. Berger's actions were binding on Defendants. Accordingly, the motion to enforce settlements is denied.


Date:   November 7, 2005                                      /s/
                                              ALEXANDER WILLIAMS, JR.
                                                United States District Judge