# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | | |
|---|---|---|
| DIRECT TV, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.  AW-03-1631 |
| RICHARD O'PALKO, *et al.*, | * | |
| Defendants. | * | |

******

## MEMORANDUM OPINION

Pending before the Court is Defendant, Richard O'Palko's, Motion for Release of Property from Garnishment or to Exempt from Execution (Doc. No. 1131). The Court conducted a telephonic motions hearing on July 16, 2010. For the reasons articulated below, the Defendant's motion is **GRANTED IN PART AND DENIED IN PART**.

## FACTS

Plaintiff sued several individuals, including Defendant Richard O'Palko, for intercepting their satellite services. A default judgment in the amount of $71,951.37 was entered against Defendant O'Palko (Doc. No. 978) on August 29, 2005. Plaintiff sought a writ of garnishment against Defendant's property in an account located at PNC Bank on March 18, 2010, and served the same on the bank on April 6, 2010. According to the bank garnishee's answer to the writ of garnishment, the bank was holding $9,091.05, which represents the amount in the account at the time the writ of garnishment was served on the bank. Defendant contends that the account is jointly owned by his wife who is not a judgment debtor of Plaintiff. Defendant has filed this motion arguing that the funds in the account are exempted from the Plaintiff's writ of garnishment.

## STANDARD OF REVIEW

Pursuant to Rule 69 of the Federal Rules of Civil Procedure, "a money judgment is enforced by a writ of execution." As this Court recently explained, the law of the state where a federal government is located governs the enforcement of a writ of garnishment because no federal statute "applies to writs of execution." *Tr. of Ironworkers Union No. 16 Pension Fun v. Turner*, No. AWD-07-1691, 2010 WL 917359, at *4 (D. Md. Mar. 10, 2010). Thus, Maryland law governs the enforcement of a writ of execution. Md. R. 2-643, in relevant part, provides that "upon motion of the judgment debtor, the court may release some or all of the property from a levy if it finds . . . the property is exempt from levy," or "by motion filed within 30 days after a levy, the judgment debtor may elect to exempt from execution of the judgment" an amount permitted by law. Pursuant to Md. R. 11-504(b), a Defendant may elect to exempt $6000.00. Plaintiff concedes that Defendant is entitled to elect an exemption of $6000.00 as permitted by the Md. R. 11-504(b). In order for the Court to release the remaining account balance of $3,091.05, the Defendant must show that this "property is exempt from levy" as required under Md. R. 2-643.

## DISCUSSION

Under Maryland law, property owned by a husband and wife that possesses the unity of time, title, possession, and interest is known as tenancy by the entireties property. *Cruickshank-Wallace v. Cnty Banking & Trust Co.*, 885 A.2d 403, 411 (Md. Ct. Spec. App. 2005). According to Maryland law, tenancy by the entireties property "is not subject to the claims of individual creditors of either spouse." *Id.* at 410. Defendant alleges that the remaining balance of the PNC Bank account, after exemption of the $6000.00, represents the couples joint 2009 tax return, which Defendant argues is not subject to garnishment because it property owned as tenants by the entireties. However, as Plaintiff argues, Maryland law makes clear that a tax refund issued in

the name of both spouses is not considered to be tenancy by the entireties property. *Id.* at 412-14 (citing *Rosen v. United States,* 397 F.Supp. 342, 343 (E.D. Pa.1975) (stating that "[s]pouses filing a joint return have separate interests in any overpayment, the interest of each depending on his or her income")).

"A tenancy by the entireties can be created if there is evidence of "an intent to transfer property previously held by an individual to the marital unit." *Cruickshank-Wallace*, 885 A.2d at 412. Defendant argues that the court in *Cruickshank-Wallace* would have found that the defendant had demonstrated an intent to transfer money from a tax refund to the marital unit if for example the defendant had "deposited the refund checks in a marital bank account or used the tax refund to purchase entireties property." *Id*. Thus, Defendant argues that even if the 2009 joint tax return is not tenancy by the entireties property, the Court should consider the dicta of *Cruickshank-Wallace*, and find that the Defendant intended to convert the proceeds from the tax refunds into tenancy by the entireties property by requesting that the IRS deposit the tax refund into the PNC account that he jointly owns with his wife. Defendant has not cited any Maryland case law holding that simply depositing a tax refund check into a joint account demonstrates sufficient intent to convert the tax refunds into tenancy by the entireties property. Accordingly, the Court does not believe that the Defendant has presented a sufficient basis for the Court to apply the *Cruickshank-Wallace* case's dicta to this case, especially where Defendant has conceded that the account in which the funds were deposited in is not a tenancy by the entireties account.

Moreover, as Plaintiff argues, Md. R. 11-603(a), which generally provides that "garnishment against property held in a bank account owned jointly by a husband and wife is not valid unless both owners are judgment debtors," does not apply where the account was not

3

opened prior to the date of the entry of the judgment giving rise to the garnishment. Here, the garnishment is based on a default judgment entered against Defendant on August 29, 2005, and Plaintiff has not suggested that the joint account was opened prior to the entry of the default judgment. Accordingly, the Court finds that Defendant has not met his burden of demonstrating that the remaining $3,091.05 is subject to release from garnishment or otherwise exempt from execution of the garnishment.

## **CONCLUSION**

For the forgoing reasons the Defendant's motion for release is GRANTED as to $6000.00 elected as an exemption under Md. R. 11-504(b) and DENIED as to the remaining $3,091.05. A separate order shall follow this Memorandum Opinion.

   July 26, 2010                                            /s/
       Date                                              Alexander Williams, Jr.
                                                          United States District Court Judge